UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JOHN HOUTSMA,

    Plaintiff,

v.                                          Case No: 2:19-cv-894-FtM-38NPM

RICK SLOAN, FNU RIDDLE,
REBECCA JACKSON and
NEVILLE GRAHAM,

    Defendants.
_____/

### **OPINION AND ORDER**[1]

Before the Court is Defendants' unopposed Motion to Dismiss Plaintiff's Complaint (Doc. 21). The Court grants the motion.

This is a civil rights complaint filed by Plaintiff John Houtsma, a detainee at the Florida Civil Commitment Center (FCCC). The complaint is difficult to follow, but the crux of Houtsma's claim is that FCCC officials are frustrating his attempts to acquire items he needs to practice Satanism. Houtsma sues four defendants, but the only person identified in his Statement of Facts is "the chaplain"—presumably Defendant Rick Sloan.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

Houtsma has not complied with the minimal pleading standards of Federal Rules of Civil Procedure 8 and 10. Rule 8 requires pleadings to include a short and plain statement of facts showing the pleader may have relief. And Rule 10 requires that factual claims be stated in numbered paragraphs, "each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Because the complaint falls short of Rules 8 and 10, the Court dismisses it with leave to amend. In filing an amended complaint, Houtsma must allege the facts to support his claim in separate, sequentially numbered paragraphs.

Also, Houtsma's amended complaint must only name as defendants those persons responsible for the alleged constitutional violations. And he must describe how each defendant is involved. What is more, Houtsma must not include argument in the amended complaint. Citations to case law and statutes (unless a claim is based on a specific statute) generally are not appropriate in a complaint, but may instead be raised at a later stage of litigation, including a motion to dismiss, motion for summary judgment, or at trial. Finally, an amended complaint supersedes the initial and becomes the operative pleading. *Krinks v. SunTrust Banks, Inc.*, 654 F.3d 1194, 1201 (11th Cir. 2011). Thus, the amended complaint must be complete, including all supporting exhibits.

Accordingly, it is now

**ORDERED:**

Defendants' unopposed Motion to Dismiss Plaintiff's Complaint (Doc. 21) is **GRANTED**.

(1) Plaintiff John Houtsma's Complaint (Doc. 1) is **DISMISSED without prejudice**.

(2) Houtsma may file an amended complaint on or before February 5, 2021. **If no amended complaint is timely filed, the Court will close this case without further notice.**

(3) The Clerk is DIRECTED to mail Houtsma a civil rights complaint form (FCCC) marked "Amended" and affixed with the case number.

**DONE** and **ORDERED** in Fort Myers, Florida on January 21, 2021.

*SHERI POLSTER CHAPPELL*
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record